**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SCHOLZ DESIGN, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **2:10-cv-1640** |
| **v** | ) |
| | ) |
| **DOMINIC COSTA, ROCHELLE COSTA,** | ) |
| **DOMINIC J. COSTA BUILDERS, INC., and** | ) |
| **JOHN DOES(s) 1-5 and or JANE DOE(s) 1-5** | ) |
| *Names and Addresses Unknown* | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion to set aside default filed by Defendants Dominic Costa, Rochelle Costa, and Dominic J. Costa Builders, Inc. (Doc. No. 15), along with Plaintiff's answer to Defendants' motion, with attached memorandum of law and exhibits (Doc. No. 16). Also pending before the Court is Plaintiff's motion for default judgment (Doc. No. 8), with memorandum in support (Doc. No. 9). The motions are ripe for disposition. For the reasons that follow, Defendants motion to set aside default will be granted and Plaintiff's motion for entry of default judgment will be dismissed as moot.

### Factual and Procedural Background

Plaintiff Scholz Design, Inc. ("Scholz") is a Delaware corporation with its principal place of business in Toledo, OH that is engaged in the research, development, creation and sale of architectural home designs and drawings, and initiated the above captioned action with the filing of its complaint on December 9, 2010. *See* Doc. No. 1. In general, Plaintiff alleges copyright infringement of its architectural designs and drawings for a particular house design, the "Masco House 4434 Design" (the "Masco Design"), by the Defendants and in violation of the copyright

laws of the United States, 17 U.S.C. § 101, *et seq.* *Id.* According to proofs of service filed by

Plaintiff, Defendants Dominic Costa, Rochelle Costa, and Dominic J. Costa Builders, Inc. were

personally served on December 17, 2010. *See* Doc. Nos. 4 – 6.[1]

No responsive pleading was filed by Defendants within 21 days after service, and on

January 10, 2011, Plaintiff requested that a default be entered pursuant to Federal Rule of Civil

Procedure 55(a). Doc. No. 7. On that same day, Plaintiff further moved for entry of default

judgment pursuant to Rule 55(b)(1). Doc. No. 8; *see also* Doc. No. 9. Default was entered

against Defendants by the Clerk of Court on January 12, 2011. Doc. No. 10. On January 13,

2011, Defendant Dominic Costa filed a *pro* se motion requesting an extension of time to file an

answer to the Plaintiff's complaint. Doc. No. 11. With his motion, Defendant Costa sought

additional time in order to retain legal representation to answer the complaint. *Id.* On January

19, 2011, Plaintiff opposed Defendant's motion, noting that an answer cannot be filed after

default had been entered against Defendants, which occurred prior to the filing of the motion for

an extension. *See* Doc. No. 12.

On January 20, 2011, counsel for Defendants entered his appearance. Doc. No. 13. Also

on January 20, 2011, the Court denied Defendant Dominic Costa'a *pro se* motion for an

extension of time to file an answer, noting that, given the procedural posture of the action,

Defendants must move to set aside the default before a responsive pleading can be filed. Doc.

No. 14. On January 24, 2011, Defendants, through counsel have done just that, with the filing of

the pending motion to set aside the default. Doc. No. 15. On February 3, 2011, Plaintiff

responded in opposition to Defendants' motion to set aside the entry of default. Doc. No. 16.

---

[1]      According to the complaint, Defendants John Doe(s) 1-5 and/or Jane Doe(s) 1-5, whose names and
addresses are presently not known to Plaintiff, are the alleged architects who prepared the architectural drawings for
the house constructed by Defendant Dominic J. Costa Builders, Inc. that Plaintiff claims infringed upon the Masco
Design. Doc. No. 1 at ¶ 4. For the purpose of this memorandum opinion, use of the terms "Defendants" refers to
the moving Defendants, Dominic Costa, Rochelle Costa, and Dominic J. Costa Builders, Inc.

## Standard of Review

The entry of default, the granting of default judgment, and the setting aside of default are

provided for in Federal Rule of Civil Procedure 55.  This rule states in relevant part:

> (a)     Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b)     Entering a Default Judgment.
>
>> (1)     By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiffs request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing....
>>
>> (2)     By the Court. In all other cases, the party must apply to the court for a default judgment.... If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing....
>
> (c)     Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

Fed.R.Civ.P. 55.  "In general, the entry of default and default judgment are disfavored because

they prevent a plaintiff's claims from being decided on the merits."  *Thompson v. Mattleman,*

*Greenberg, Shmerelson, Weinroth & Miller*, Civ. No. 93-2290, 1995 WL 321898, at *3 (E.D.Pa.

May 26, 1995) (*citing Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir.1976)); *accord United*

*States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984) (requiring courts to

avoid default judgment in doubtful cases).

## Analysis

Keeping in mind the preference in the Third Circuit to allow cases to be heard on their

merits, the Court must consider Defendants' motion under Rule 55(c).  This is a two-step

process.  First, the Court must decide whether service of process was sufficient to confer

jurisdiction upon the court. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1303-04 (3d Cir.1995) (affirming the denial of entry of default where service was not proper); *see also Thompson*, 1995 WL 321898, at \*4 ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that he must have been effectively served with process.") Defendants summarily challenge the service of process, by asserting "Dominic and Rochelle Costa were not served." Doc. No. 15 at ¶ 13.b. Defendants, however, do not aver any detail to support this conclusion, and, more importantly, provide no explanation why the documents of record demonstrating proof of service to the individual Defendants, in their individual and corporate capacities, are not proper. In response, Plaintiff points to the docket entries that demonstrate proof that service of a summons and a copy of the complaint was made on Defendants Dominic Costa, Rochelle Costa, and Dominic J. Costa Builders, Inc. on December 17, 2010. *See* Doc. No. 16, referencing Doc Nos. 4 – 6. It is undisputed that Defendants did not file a waiver of service of process. Upon review of the service documents filed by Plaintiff, the Court is satisfied that Defendants were properly served in accordance with the requirements of Federal Rule of Civil Procedure 4(e) and (h). Thus, the Court will not set aside default on the basis of insufficient service of process.

The Court turns to the question of whether to set aside the default under Rule 55(c). "Between the extremes of repeated contumacious conduct and innocent procedural error are the manifold instances of neglect and inadvertence that require trial courts to weigh the equities of the situation and the need for the efficacious resolution of controversies. The exercise of such judgment does not lend itself to a rigid formula or to a per se rule." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984). As noted by both parties with their respective filings, in weighing the equities presented in this case, three factors inform the court's analysis: "(1)

prejudice to the plaintiff if default is [set aside], (2) whether the defendant appears to have a [meritorious] defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir.2000); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *see International Broth. of Elec. Workers, Local Union No. 313 v. Skaggs*, 130 F.R.D. 526, 529 n. 1 (D.Del.1990) (holding that the Third Circuit applies the same standard for default in appearance as for default judgment). "It is well settled in [the Third Circuit] that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz*, 732 F.2d at 1180 (*citing Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir.1951)); *see also Langdon v. Google, Inc.*, 474 F.Supp.2d 622, 627-28 (D.Del.2007). Although the weighing of each factor is discretionary, the court must be mindful of the Third Circuit's preference for allowing claims to be heard on their merits. *See Thompson*, 1995 WL 321898, at *3. The Court will consider the three factors *in seritiam*.

1. Prejudice

Plaintiff may show prejudice by proving "loss of available evidence, increased potential for fraud or collusion, or substantial reliance" upon the entry of default. *Mike Rosen & Assocs., P.C. v. Omega Builders Ltd.*, 940 F.Supp. 115, 117 - 18 (E.D.Pa.1996). Plaintiff does not aver that it will be prejudiced in any such manner. In reviewing the sequence of events since the initiation of this action, the Court sees no such prejudice. Default was requested on January 10, 2011, which was the next business day following the passage of 21 days after service of the original complaint on Defendants on December 17, 2010.[2] The Court has no concerns regarding the possibility of prejudice to Plaintiff if the default was set aside as a result any delay that has resulted from Defendants' failure to answer the complaint. Simply stated, the expeditious

---

[2]  According to the proofs of service filed within the record (Doc. Nos. 4 - 6), service was made at approximately 4:50 p.m. on Friday, December 17, 2010. Default was requested by Plaintiff on Monday, January 10, 2011 (Doc. No. 10), and was entered on January 12, 2011 (Doc. No. 10).

pursuit of this action by Plaintiff has, *inter alia*, greatly diminished any possible prejudicial effects that may have been caused by any delay by Defendants. Given this procedural chronology and the fact that Plaintiff has not claimed any prejudicial effect, considered in light of the disfavor that courts have with regard to the entry of default, the Court has no basis upon which to find a showing of prejudice against Plaintiff if default is set aside.

2. <u>Meritorious defense</u>

The Court turns to the question of whether Defendants appear, at this stage, to have a meritorious defense. "Rule 55 does not require the defaulting party 'to prove beyond a shadow of a doubt that [it] will win at trial, but merely to show that [it has] a defense to the action which at least has merit on its face.'" *Dizzley v. Friends Rehabilitation Program, Inc.*, 202 F.R.D. 146, 148 (E.D.Pa.2001) (*quoting Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987)). To that end, Defendants must "allege specific facts beyond simple denials or [conclusory] statements." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (*citing Tozer*, 189 F.2d at 244). Beyond the conclusory statements regarding improper service addressed previously, Defendants advance three additional purported meritorious defenses.

Two of the "defenses" raised by Defendants are little more than simple denials, and are not sufficient to raise a meritorious defense for the purpose of justifying the setting aside of default. According to Defendants, "Dominic and Rochelle Costa are not involved in anything contained in the Complaint and should be rightfully dismissed from this actions." Doc. No. 15 at ¶ 13.b. Beyond this broad assertion, however, there is no elaboration by Defendants to provide any context, much less any meaning, to this conclusion. More particularly, Defendants provide no facts and offer no explanation as to why Defendants Dominic and Rochelle Costa are not proper Defendants, in either a legal or a factual sense. Such a conclusory statement, in the form

of a bald denial of involvement, lacks merit for the purpose of considering whether to set aside

default. Similarly, Defendants aver that the construction of the house at issue was based upon

"completely original plans, not derived or copied in any way from plans owned by Scholz." *Id.*

The test for infringement of the type alleged by Plaintiff that is generally applied by courts

consists of proof of (1) copying by defendant of an element of the copyrighted work that is an

original and (2) ownership of a valid copyright. *Feist Publications, Inc. v. Rural Telephone*

*Service Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991). Essentially with

this defense, Defendants are attacking the first element, yet once again, they fail to offer any

facts or explanation in this regard, other than this bald assertion. As such, the Court finds that

for the purpose of deciding whether to set aside the default, such a claim has no merit.

Defendants offer the third meritorious defense that requires closer consideration.

Defendants aver that Plaintiff's claim is barred by the statute of limitations. In this regard, and

unlike Defendants' other efforts to raise a meritorious defense, there is a degree of factual detail

that, if established at trial, may bar Plaintiff's recovery. As acknowledged by Plaintiff, copyright

infringement actions are subject to a three-year statute of limitations. 17 U.S.C. § 507(b). A

review of the relevant chronology reveals a number of key events that span a period of

approximately twenty (20) years. The Masco Design was first published by Plaintiff on

December 15, 1989. *See* Doc. No. 9. Beginning on the date of first publication, and continuing

thereafter, the Masco Design has been published by Plaintiff in conformity with the copyright

laws of the United States. *Id.* Apparently, Defendants requested brochures and designs from

Plaintiff between November, 1995, and January 1996, at which time they obtained the Masco

Design. [3] *Id.* "Four years after receiving this information and after discontinuing communication

---

[3]     More particularly, Plaintiff sent Defendants a catalog containing the Masco Design on November 29, 2005.
Doc. No. 9. On December 18, 1995, Defendants were provided with additional information about the Masco

with Scholz Design, Defendants built the infringing property according to the Masco Design without paying Scholz Design its required license fee." *Id.*

While a description of what transpired in the intervening years was not provided, beginning on September 10, 2010, Plaintiff began corresponding with Defendants about the similarities between the Masco Design and the allegedly infringing property. Doc. No. 16 at exhibit "B". Those efforts ultimately resulted in the filing of the action *sub judice*. In sum, according to Plaintiff, the design was provided to Defendants at the end of 1995 and the beginning of 1996, and an infringing property was built in or around either 1999 or 2000, yet no demand for relief was made until 2010. It is in light of this sequence that Defendants raise the meritorious defense of the bar to suit by way of the statute of limitations.

Plaintiff opposes the notion that the statute of limitations provides Defendants with a meritorious defense. As Plaintiff correctly notes, the limitations period for a copyright infringement action is subject to the "discovery rule", where the limitations period begins to run "when plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis of the claim." Doc. No. 16, *quoting William A. Graham Co. v. Haughey*, 568 F.3d 425, 439 (3d Cir. 2009)). In proving such an affirmative defense, a defendant has the burden of showing "storm warnings of culpable activity" that put a plaintiff on notice of an infringement. *Id.* Once a defendant has satisfied that requirement, "the burden shifts to [plaintiff] to show that [it] exercised reasonable due diligence and yet [was] unable to discover [its] injuries." *William A. Graham Co.*, 568 F.3d at 438. Accordingly, Plaintiff argues that Defendants have failed to satisfy their burden of proof because they have failed to provide any description of such "storm warnings". Doc. No. 16. While this argument is well taken, Plaintiff is conflating two burdens.

---

Design. *Id.* "Additional information about the designs and furnishings was provided to Defendants on January 3, 1996, January 12, 1996, and January 26, 1996." *Id.*

As noted above, Rule 55 does not require a defaulting party to *prove* that it will win at trial in order to have a default set aside. Defendant merely has to show that it has a defense to the action which at least has merit on its face. Defendants have done so here. Whether Defendants ultimately meet the burden of production to reap the benefits of this affirmative defense is a question for another day.

3. Culpable Conduct

"For the purposes of Rule 55, culpable conduct is 'dilatory behavior that is willful or in bad faith.'" *Dizzley*, 202 F.R.D. at 148 (*quoting Gross v. Stereo Component Sys.*, 700 F.2d 120, 124 (3d Cir.1983)). Here, the Court finds no culpable conduct in attempting to defend the action. As the Court previously noted, Plaintiff requested entry of default (Doc. No. 7) and simultaneously moved for default judgment (Doc. No. 8) on January 10, 2011, which was 24 days after service of the complaint. Three days later, on January 13, 2011, the Clerk of Court for this district received a *pro se* motion filed by Defendant Dominic Costa requesting an extension of time to file an answer. *See* Doc. No. 11. One week later, on January 20, 2011, counsel for Defendants entered his appearance. Doc. No. 13. The Court finds that such efforts by Defendants to defend this action do show an effort to answer the complaint in a relatively timely manner, and cannot be considered dilatory behavior that is willful or in bad faith.

### Conclusion

For the hereinabove stated reasons, Defendants' motion to set aside the default will be granted. Because the entry of default will be set aside, plaintiff's motion for default judgment is moot. An appropriate order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SCHOLZ DESIGN, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **2:10-cv-1640** |
| **v** | ) |
| | ) |
| **DOMINIC COSTA, ROCHELLE COSTA,** | ) |
| **DOMINIC J. COSTA BUILDERS, INC., and** | ) |
| **JOHN DOES(s) 1-5 and or JANE DOE(s) 1-5** | ) |
| *Names and Addresses Unknown* | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER OF COURT

AND NOW, this 11th day of February, 2011, it is hereby ORDERED , ADJUDGED, and DECREED that the MOTION TO SET ASIDE DEFAULT (Doc. No. 15), filed by Defendants Dominic Costa, Rochelle Costs, and Dominic J. Costa Builders, Inc. is **GRANTED**, and the defaults entered against Defendants Dominic Costa, Rochelle Costa, and Dominic J. Costa Builders, Inc. are hereby set aside.

IT IS FURTHER ORDERED that Plaintiff's REQUEST FOR DEFAULT JUDGMENT (Doc. No. 8) is **DISMISSED AS MOOT**.

Defendants Dominic Costa, Rochelle Costa, and Dominic J. Costa Builders, Inc. shall answer Plaintiff's complaint on or before March 4, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     **William A. Rubert, Esquire**
        Email: wrubert@campbell-trial-lawyers.com

        **Jay R. Allman, Esquire**
        Email: jallman@ldbassoc.com